UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
RUEL SANDY,

       Petitioner,

                     MEMORANDUM
 -against-                   AND ORDER

UNITED STATES OF AMERICA,       08 MC 306 (RML)

       Respondent.
--------------------------------------------------------X

LEVY, United States Magistrate Judge:

  On June 11, 2008, Ruel Sandy ("petitioner"[1]) filed a motion seeking expungement from his criminal record of his three-year-old arrest in <u>United States v. Sandy</u>, No. 05 MJ 448 (E.D.N.Y. filed Apr. 1, 2005). For the reasons set forth below, the motion is denied.

**Background**

  On or about April 5, 2005, petitioner was arrested and charged with conspiring to distribute cocaine.[2] <u>See</u> 21 U.S.C. § 846. According to the Complaint and Affidavit in Support of Arrest Warrant, petitioner "acted as a driver and deliveryman" for an "organization" that smuggled cocaine into the United States from Guyana via John F. Kennedy Airport in Queens. (Complaint and Affidavit in Support of Arrest Warrant, dated Apr. 1, 2005 ("Compl."), ¶¶ 6, 137.) On June 29, 2005, the Honorable Viktor V. Pohorelsky, United States Magistrate Judge,

---

[1] While petitioner refers to himself as "Defendant" in his briefs, the term "petitioner" is preferable in the context of a motion to expunge. <u>See</u> <u>United States v. Grant</u>, No. 94 CR 18, 2008 WL 2039309, at *1 n.1 (E.D.N.Y. May 9, 2008).

[2] The government dates petitioner's arrest to April 4, 2005 (Government's Memorandum in Opposition to Petitioner's Motion to Expunge Petitioner's Criminal Record, dated July 25, 2008, 2), while petitioner dates it to April 5, 2005 (Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Expungment [sic] of Arrest Records, dated Aug. 13, 2008 ("Reply"), 3).

summarily dismissed the complaint against petitioner without prejudice.

Petitioner contends that, because the arrest remains on his criminal record, he has encountered problems with employment and travel. For example, in 2005, a background check by petitioner's employer revealed the arrest and charges, and petitioner was required to provide his supervisor with documentation of the case's dismissal. (Mot. Ex. D ¶ 3.) Likewise, petitioner alleges an official detained him at Kennedy Airport in 2008 for several hours upon his reentry into the United States until a relative could provide documentation of the dismissal. (Mot. 2; Mot. Ex. D ¶ 4.) Looking into the future, petitioner fears his criminal record could stymie his goals of becoming an educator and a United States citizen. (Mot. 4-5.)

**Discussion**

Expungement of a federal criminal record "lies within the equitable discretion of the court." United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977); see also Hall v. Marshall, 479 F. Supp. 2d 304, 313 (E.D.N.Y. 2007). In exercising the power to expunge, the court must balance "[t]he government's need to maintain arrest records . . . against the harm that the maintenance of arrest records can cause citizens." Schnitzer, 567 F.2d at 539. Expungement "'should be reserved for the unusual or extreme case.'" Id. (quoting United States v. Linn, 513 F.2d 925, 927 (10th Cir. 1975)); see also In re Farkas, 783 F. Supp. 102, 103 (E.D.N.Y. 1992) ("[E]xpunction should not be granted routinely after an acquittal or the dismissal of charges, but should be reserved strictly for extreme cases of government misconduct."). Examples of extraordinary circumstances that may justify expungement include (1) "mass arrests" conducted under "procedures [that] rendered judicial determination of probable cause impossible"; (2) arrests made with "the sole purpose of . . . harass[ing] civil rights workers"; (3) "police misuse[

of] police records to the detriment of the defendant"; and (4) "arrest[s] . . . based on a statute later declared unconstitutional." Schnitzer, 567 F.2d at 540 (citations omitted).

Petitioner argues that because he works in the field of education, his criminal record interferes with his career plans; however, the loss of employment opportunities because of a criminal record is not an extreme circumstance justifying expungement. See, e.g., id. (holding that an aspiring rabbi's arrest record did not present a "harsh or unique" situation); United States v. Grant, No. 94 CR 18, 2008 WL 2039309, at *1-2 (E.D.N.Y. May 9, 2008) (declining to expunge record of petitioner's arrest and acquittal on cocaine-importation charge, notwithstanding her fear of "adverse employment effects"); United States v. Robinson, No. 04 CR 580, 2007 WL 2077732, at *2 (E.D.N.Y. July 18, 2007) (regarding employability as New Jersey schoolteacher); United States v. Aigle, 199 F. Supp. 2d 5, 7 (E.D.N.Y. 2002) ("[T]he defendant's contention that she will be unable to maintain her current employment or obtain future employment . . . is not a proper ground for expungement.").

Petitioner's concerns that his arrest record may thwart his efforts to become a United States citizen are also not sufficiently exceptional to justify expungement. E.g., United States v. McFadzean, No. 93 Cr. 25, 1999 WL 993641, at *4 (S.D.N.Y. Nov. 2, 1999); see also United States v. Akwurah, No. 99 MC 45, 1999 WL 390832, at *1 (E.D.N.Y. Mar. 31, 1999). Nor does petitioner's alleged detention for several hours at a border crossing shift the balance of equities in his favor. Cf. United States v. Montoya de Hernandez, 473 U.S. 531, 540 (1985) ("[N]ot only is the expectation of privacy less at the border than in the interior, the Fourth Amendment balance between the interests of the Government and the privacy right of the individual is also struck much more favorably to the Government at the border.") (citations

omitted). While petitioner may indeed face questioning in the future upon reentering the United States, the same is true of anyone with a criminal record. Notably, petitioner acknowledges that as soon as he presented documentation of his case's dismissal, he was able to enter the United States. (Mot. Ex. D ¶ 4.) This suggests petitioner may well be able to minimize or eliminate future border-crossing delays by traveling with copies of that documentation. In a development that should further alleviate petitioner's concerns, respondent has informed the court that after petitioner filed his motion, it modified his database record to reflect that the case was dismissed.

Finally, petitioner analogizes his situation to several cases in which courts have ordered expungement. All of those cases, however, involved extreme or harsh circumstances not present here. See Doe v. Immigration & Customs Enforcement, No. M-54, 2004 WL 1469464 (S.D.N.Y., June 29, 2004) (ordering expungement of record inaccurately indicating defendant had been arrested and subjected to deportation proceedings); United States v. Doe, No. 71 Cr. 892, 2004 WL 1124687 (S.D.N.Y. May 20, 2004) (ordering expungement of defendant's three-decade-old conviction under since-repealed Youth Corrections Act, which sought rehabilitation of youthful, first-time offenders); Doe v. United States, 964 F. Supp. 1429 (S.D. Cal. 1997) (ordering expungement of defendant's two-decade-old conviction under Youth Corrections Act, when defendant demonstrated actual, as opposed to anticipated, adverse effect on his employability); United States v. Doe, 935 F. Supp. 478 (S.D.N.Y. 1996) (same).[3]

---

[3] In his reply, but not in his original motion, petitioner additionally contends that his arrest "along with approximately 25 others" places him within the "mass arrest" category. (Reply 3.) This argument is not properly before the court. Johnson & Johnson v. Guidant Corp., 525 F. Supp. 2d 336, 359 (S.D.N.Y. 2007) ("Arguments first raised in reply memoranda are 'not properly considered.'") (quoting Int'l Elecs., Inc. v. Media Syndication Global, Inc., No. 02 Civ. 4274, 2002 WL 1897661, at *3 n.2 (S.D.N.Y. Aug. 17, 2002)); see also Pall Corp. v. Cuno Inc., No. 03 CV 92, 2007 WL 2363019, at *1 n.1 (E.D.N.Y. Aug. 14, 2007) ("Any arguments raised

This court is by no means unsympathetic to petitioner's situation, viz., that an alleged crime for which he has never been tried or convicted might obstruct his career advancement or naturalization process.[4] Nonetheless, on the facts presented, the law does not provide a basis for expunging his criminal record. This ruling is without prejudice to petitioner to a later application should his corrected federal criminal record give rise to more extraordinary circumstances justifying expungement.

---

for the first time in reply briefs or letters filed subsequent to the briefs will not be considered by this Court in rendering its decision."). Nevertheless, it is worth noting that petitioner's situation does not compare to that in the case Schnitzer cites for the "mass arrest" exception, which concerned protests against the Vietnam War that resulted in 14,517 arrests and generated "strains on the criminal justice system [that] were unparalleled." Sullivan v. Murphy, 478 F.2d 938, 942, 948 (D.C. Cir. 1973). The other cases petitioner cites in support of this argument are also inapposite. See United States v. McLeod, 385 F.2d 734 (5th Cir. 1967) (involving mass arrests in Selma, Alabama, targeting opponents of racial disenfranchisement); Wheeler v. Goodman, 306 F. Supp. 58 (W.D.N.C. 1969) (concerning illegal arrests and harassment of "hippies"); Hughes v. Rizzo, 282 F. Supp. 881 (E.D. Pa. 1968) (same).

[4] Petitioner urges that the charge was "false" (Mot. 2) and his arrest "bad" (Mot. 6), but he does not contend that the warrant lacked probable cause or that the statute at issue is unconstitutional. On such a motion to expunge, "[i]t matters not that the arrest in question resulted in an acquittal, a vacated sentence, or as is relevant here, a dismissal . . .." United States v. Howard, 275 F. Supp. 2d 260, 263 (N.D.N.Y. 2003) (citations omitted); see also United States v. Rabadi, 889 F. Supp. 757, 760 (S.D.N.Y. 1995).

## Conclusion

For the reasons stated above, petitioner's motion is denied without prejudice.

SO ORDERED.

Dated:     Brooklyn, New York
              November 7, 2008

/s/
ROBERT M. LEVY
United States Magistrate Judge